Good morning, Your Honors. May it please the Court. My name is Keith Hilzendegger. I'm with the Office of the Federal Public Defender in Phoenix, and I represent the petitioner in this case, David Kiehle. Kiehle, okay. Kiehle. I'd like to – first, I'd like to reserve a couple of minutes for rebuttal at the end if I need it, but I understand it's my responsibility to watch the clock. If the panel is amenable, I'd like to discuss the district court's handling of Mr. Kiehle's motion for appointment of counsel if the Court is interested in hearing about that. Otherwise, I'll confine my discussion to the certified issue. Speaking only for myself, I'm more interested in the certified issue. I'm not particularly interested in the uncertified. Speaking only for myself. I agree. Okay. I agree. All right. So by asking the jury to identify areas of disagreement and then allowing the lawyers for both sides to present supplemental closing argument that was specifically tailored to those areas of disagreement, the trial judge co-opted the jury's secret and independent deliberations. Under these circumstances, not even a fully competent lawyer could have provided the assistance of counsel that was guaranteed by the Sixth Amendment. And for that reason, the district court incorrectly concluded that the State courts unreasonably rejected the third prong of Mr. Kiehle's chronic theory based on his ineffective assistance claim, and thus incorrectly denied his 2254 habeas petition. Now, when you're saying the chronic claim, but you're still on ineffective assistance of counsel, you're not arguing that the Arizona procedure violates some Federal constitutional provision within the meaning of AEDPA, are you? I'm not, Your Honor. I'm just saying under the way the Arizona procedure was implemented in this case gave rise to circumstances under which no, not even a fully competent lawyer could have rendered ineffective assistance. Right. So the basis for my argument is the same reasons that led this Court to reverse the decision in United States v. Evanston, because I believe there are five important similarities between what the trial judge did here and what the trial judge did in Evanston. Now, if the argument is that the Arizona procedure made it impossible to render effective assistance of counsel, that sounds as though you're telling me that the Arizona procedure is unconstitutional. Well, Your Honor, I'm not attacking the Arizona procedure in all applications, in all possible applications. I'm only challenging the potential for effective assistance under what the judge did here. When he asked the jury to tell him where they were stuck, and the jury came back and, boiling the jury's response down to its essence, the jury said, we're having trouble convicting the defendant. So, counsel, if I could interrupt you there, and forgive the interruption, but that sounds awfully procedural to me, because it seems to me that that was the case. And I'm just wondering if that is expressly permitted under the State's law. Well, the State procedure limits the judge, cautions the judge to taking actions to address an impasse in the jury that isn't unduly coercive. Rule 22.4 speaks in very general and nonspecific terms. After receiving the juror's response, the rule says, the judge may direct that further proceedings occur as appropriate. And in the context of what the jury told the judge, we are having trouble convicting the defendant. The only appropriate response, I contend, would have been for the judge – I'm sorry, there are two possible appropriate responses. Either the judge could have told the jury to refer to the instructions and the evidence that had been presented at the trial and continue to deliberate, or the judge could have declared a mistrial. Taking the jury at its word, that – Why are those the only two appropriate responses, given the State procedural rule? Because anything else under the circumstances of what the jury told the judge would have been improperly coercive. So was it – was the problem that the judge asked the jury the question about, what are you having a hard time with? Not in isolation, Your Honor. Well, when you say, under the circumstances, the rule shouldn't have been applied here, isn't the circumstance, the predicate circumstance that the judge asked the question and invaded the province of the jury, or am I misunderstanding your argument? You're not misunderstanding that component of the argument, Your Honor. All right. I'll listen. Go ahead. So it – it was permissible under the – under the procedure set up by Arizona law. It was permissible for the judge to ask the jury to tell him what – what they were stuck about. And this allowed the jury to come back and say in some – potentially, you know, we just want to hear the testimony of the medical examiner or the forensic firearms expert again or some other witness again. And, you know, then the jury – the judge could have read back certain parts of the testimony or allowed perhaps, you know, a repetition of the closing argument. But that's not what the jury said here. The jury essentially said, we're having trouble deciding if the defendant is guilty. Well, the question the judge asked then sounds like it's okay. It's the jury's response you don't like. I mean, they asked – they said a couple of things. They wanted to know about the fingerprint. Which – I'm sorry. Go ahead. Yep. And they wanted to know about letters that weren't in evidence. Correct. So the judge said you can't have those, right? Right. And in the course of the – making those requests, the jury volunteered, it seems to me, that they didn't accept the suicide defense. Yes. They – they volunteered that they were – they'd unanimously rejected it. Right. Which before closing argument, they had been instructed not to reveal their numerical division to the judge at all until they'd been discharged. It sounds like your problem is the jury's response to the question, but not the question the judge posed. I have – the heart of my challenge is to what the judge did in response – in reaction to the jury's response. Okay. So once he gets this, if I'm understanding you, once he got what may have been unsolicited, unintended, an unintended response, that's where you get unhappy. All right. Is that – that's where you challenge the judge's response at that point? I – yes. Yes, Your Honor. All right. And so because the judge did something to sort of – that this Court has considered to be improperly coercive of the jury's deliberation process, that essentially – that essentially vitiates the – Yeah. Here's my problem with that whole line of argument. I understand why you're doing it, but you're trying to turn this into an ineffective assistance of counsel claim, but there is no Supreme Court case that squarely holds that this procedure is unconstitutional. And under AEDPA, I'm stuck unless you can tell me that the counsel performed ineffectively. Not that the counsel was put in a difficult position, but you've got to tell me if you want a cognizable claim in front of me as I read the statute. Right. You've got to show me that the counsel in this difficult situation performed ineffectively. I agree with your characterization of what I need to persuade you of, Your Honor, and that issue is not certified for appeal. Ah. The Strickland theory is not certified for appeal. Only this aspect of the chronic theory is certified for appeal. You see, I said – I looked at the chronic theory and thought that, well, given that he didn't stand up – Right. That the argument might be, well, he's abandoned his client. But once there's an abandonment of the client, then you might be able to presume prejudice under chronic. Except, Your Honor, that the Supreme Court has also said that that kind of decision isn't subject to chronic at all. Yes. So that's my difficulty here. So here we are. And if I may, I'd like to reserve the balance of my time if I feel it's necessary. Fine. Thank you very much. Good morning, and may it please the Court. My name is Matthew Binford. I represent Respondents Appelese, Charles Ryan, and the Attorney General of Arizona. Judge Fletcher, as you mentioned, the U.S. Supreme Court has never held that supplemental argument during jury deliberations creates a situation that is so unfair that a presumption of prejudice under the Sixth Amendment must be inferred. As such, Mr. Keeley cannot show that the State Court's decision here was contrary to or involved in unreasonable application of clearly established federal law as determined by the Supreme Court. Under the clear terms of 2254d1, relief is unauthorized. As such, this Court should deny Mr. Keeley's claim and affirm the District Court's order to deny and relief. That may be where we have to end up. Arizona procedure is an interesting one. I've never seen, I gather it's long-standing Arizona law, but I've never seen a case in which this has happened. There are three States, I think, where it's authorized, is that right? That's what was mentioned in Evanston. Evanston. It's been on the law. It's been on the books in Arizona since 1995, so almost 20 years now it's been in place. Do you know how often this is, the procedure is employed? You know, I can't tell you how often it's employed. I do know that it has come up in several Arizona appellate court decisions that were handled at the State level. Is it typically used this way, where there's a question first that inquires about what, what's causing the jury to hesitate? In some cases, it has arisen in that procedure. For me, thank you. I don't have any other questions. Judge Noonan, do you have any questions on this point? I do not. Thank you. Okay, thank you. Since there are no further questions, I would ask this Court to give this case the deference that EDPA mandates. Okay, thank you. Thank you. You have some time, if you wish.  I don't have any further questions, Your Honor. I think not. Thank you. Thank both sides for your arguments. Keeley v. Ryan is now submitted for decision.
judges: Noonan, Fletcher, Christen